UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                               Criminal Case No. 21-20721

TIMOTHY EDMUNDS,                                       Sean F. Cox
                                                                             United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
REVERSING ORDER SETTING CONDITIONS OF RELEASE
AND REMANDING DEFENDANT PENDING TRIAL**

Between 2011 and 2021, Defendant Timothy Edmunds ("Edmunds") served as the Financial Secretary-Treasurer of Local UAW 412. In this criminal action, Defendant Edmunds ("Edmunds") is charged with embezzlement of union funds, bank fraud, and money laundering. The magistrate judge ordered Edmunds released on bond. The matter is currently before the Court on Edmunds's motion seeking to modify the conditions of his bond. Once such a motion is filed, the district court judge assigned to the case reviews the magistrate judge's release order under a *de novo* standard. As explained below, having independently weighed the relevant factors, this Court concludes that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the appearance of Defendant. Accordingly, the Court orders that the magistrate judge's Order Setting Conditions of Release is REVERSED. This Court ORDERS that Defendant is REMANDED to the custody of the United States Marshals to be held pending trial.

## BACKGROUND

This criminal action was initiated by a criminal complaint filed against Defendant Timothy Edmunds on October 27, 2021. Defendant has since been indicted and charged with the following counts: 1) Embezzlement of Union Funds, in violation of 29 U.S.C. § 501(c) (Count 1); 2) Bank Fraud, in violation of 18 U.S.C. § 1344(2) (Count 2); and 3) Money Laundering, in violation of 18 U.S.C. § 1957 (Count 3). The Indictment also includes forfeiture allegations.

Defendant has acknowledged that, if convicted of these offenses, he faces up to 5 years in prison as to Count 1, up to 30 years in prison as to Count 2, and up to 10 years in prison as to Count 3. (ECF No. 17).

Pretrial Services concluded that Edmunds poses a risk of nonappearance due to: 1) the offenses charged and/or Defendant's conducing during arrest for instant offense; and 2) his unexplained assets. Pretrial Services also concluded that Edmunds poses a risk of danger for the following reasons: 1) the nature of the instant offenses; 2) his prior arrests and convictions; 3) his violent behavior history; 4) his history/charge involving violence and domestic violence; 5) his history of weapons use; and 6) his pattern of similar criminal activity. Nevertheless, Pretrial Services recommended that Edmunds be released on bond, with various conditions.

On November 15, 2021, Magistrate Judge Jonathan Grey held a detention hearing. At that hearing, the Government acknowledged that it typically does not seek detention in cases with these types of charges but asserted that this case is different, for a number of reasons, and sought detention.

On November 15, 2021, the magistrate judge issued an "Order Setting Conditions Of Release," that included various conditions of release. (ECF No. 12). Among other things, the magistrate judge ordered home detention and ordered that Defendant submit to location

monitoring. The magistrate judge also ordered required an appearance bond in the amount of $100,000.00. (ECF No. 13).

The deadline for filing motions has passed and the plea cutoff/joint final pretrial conference in this matter is scheduled for March 25, 2022. A jury trial is set for May 17, 2022.

On February 16, 2022, Defendant filed a "Motion To Modify Bond Conditions." (ECF No. 21). In it, Edmunds asks the Court for "an order modifying bond conditions to remove location monitoring or allow him to be placed on standalone monitoring." (*Id*. at 1). Edmunds asserts that after bond conditions were imposed, he has "obtained several new employment opportunities" but provides no further details regarding those alleged job offers.

The Government strenuously opposes this motion – stating that it sought detention and that Edmunds "is lucky that he is not in pretrial detention." (ECF No. 22). The opening line of the Government's response brief concisely explains its position: "Despite fleeing and hiding from federal agents for six days, repeatedly lying to federal agents, intentionally avoiding electronic surveillance from a court-authorized ping warrant, a history of suicidal thoughts and violence, talk of fleeing to Mexico, and significant amounts of money still missing from his $2 million embezzlement scheme, defendant Timothy Edmunds is unhappy with his bond conditions." (*Id.* at 1). It asks the Court to deny Edmunds's motion.

This Court held a hearing on March 11, 2022.

**ANALYSIS**

A person ordered released by a magistrate judge, such as Edmunds, may file a motion for amendment of release conditions. 18 U.S.C. § 3145(a)(2).

Once such a motion is filed, the district court judge assigned to the case reviews the magistrate judge's release order under a *de novo* standard. *United States v. Leon,* 766 F.2d 77,

80 (2d Cir. 1985); *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985). That is, the district court retains the discretion to make an independent de novo determination of the defendant's eligibility for release on bail. It can make that determination after reviewing the record developed by the magistrate judge or by considering additional evidence from the parties and rule upon an expanded record. *See* 18 U.S.C. § 3142(f)(2)(B).

A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e).

To determine whether no condition or combination of conditions exists that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against Defendant; 3) his history and characteristics; and 4) the nature and seriousness of the danger to any person the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g).

Here, the nature of circumstances of the offenses charged in this case weigh strongly in favor of detention. Among other things, Defendant is alleged to have abused his position of trust and embezzled two million dollars from his Union. These are very serious and troubling offenses.

The Court must also consider the history and characteristics of the Defendant, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g). The Court concludes that these factors also weigh in favor of detention.

Most notably, Defendant fled from law enforcement officers in relation to this case. On November 4, 2021, Defendant spoke with law enforcement officers, while they were executing a search warrant at his home in South Lyon, Michigan. Defendant advised the officers he would proceed to that residence. Instead, however, Defendant engaged in a six-day-long effort to avoid capture and arrest. Law enforcement officers were able to reach Defendant via telephone several times during that time period, but Defendant refused to reveal his location or turn himself into authorities. Only after he retained his current attorney did Defendant turn himself into law enforcement authorities.

And the risk of flight here is increased by virtue of the fact that law enforcement has not been able to discover the proceeds of the alleged embezzlement. No cash was discovered in the search of Defendant's home and no funds have been seized from Defendant's accounts. But as agents discovered empty money wrappers in Defendant's home, Defendant may still have access to significant funds that would enable him to flee.

The Court also has concerns about Defendant's mental health and emotional stability. Defendant has been prescribed Xanax for anxiety and Defendant has engaged in erratic behavior. During the time period that he was evading law enforcement, Defendant called his fourth wife, late at night, and sounded suicidal to her and another person. The Government indicates that in 2016, South Lyon Police officers took Defendant to the hospital after he threatened suicide. Defendant asserted to pretrial services that he has never abused alcohol – yet his criminal history reflects that he had an operating-while-intoxicated conviction.

While the incident at issue in this case does not involve violence, it is notable that Defendant has a criminal history that includes violence, including domestic violence. As Pretrial Services noted, it also includes a history of weapons use. The Government states that Defendant

recently purchased ten firearms but that federal agents have not been able to recover all of them.

All of this leads this Court to conclude that Defendant is a flight risk.

## CONCLUSION & ORDER

Independently weighing the above factors, this Court concludes that the Government has established that there is no condition or combination of conditions that will reasonably assure the appearance of Defendant. Accordingly, IT IS ORDERED that the magistrate judge's Order Setting Conditions of Release is REVERSED. This Court ORDERS that Defendant is REMANDED to the custody of the United States Marshals to be held pending trial.

IT IS SO ORDERED.

                                                s/Sean F. Cox  
                                                Sean F. Cox  
                                                United States District Judge

Dated: March 11, 2022